# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-1267** (McDowell County 13-F-8)

**Ricky Johnson, Defendant Below,**
**Petitioner**

**FILED**

January 12, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Ricky Johnson, by counsel Floyd Anderson, appeals the Circuit Court of McDowell County's November 22, 2013, order denying his motion for post-verdict judgment of acquittal or new trial. The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that the evidence was insufficient to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 19, 2013, a McDowell County Grand Jury indicted petitioner on one felony count of damage to public utility property and one felony count of conspiracy to damage public utility property. The indictment alleged that petitioner and his co-defendants cut and stole a public telephone wire. Following a jury trial in August of 2013, petitioner was convicted of one felony count of conspiracy to commit damage to a public utility property, pursuant to West Virginia Code § 61-10-31.[1] Petitioner was acquitted of the felony count of damage to public utility property.

---

[1]West Virginia Code § 61-10-31 provides that

> [i]t shall be unlawful for two or more persons to conspire (1) to commit any offense against the State or (2) to defraud the State, the state or any county board of education, or any county or municipality of the State, if, in either case, one or more of such persons does any act to effect the object of the conspiracy.

1

Petitioner moved for post-verdict judgment of acquittal, but the circuit court denied the motion by order entered on September 25, 2013. By order entered November 22, 2013, the circuit court sentenced petitioner to a term of incarceration of one to five years. This appeal followed.

Upon review, the Court finds no error in the circuit court's denial of petitioner's post-verdict motion for judgment of acquittal. We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008).

Petitioner's argument that the evidence was insufficient to support his conspiracy conviction is based entirely on the fact that petitioner presented an alibi defense and denied his involvement in the crime. Specifically, petitioner testified that several days before the crime was committed he was in North Carolina visiting his children, and then traveled to South Carolina for a doctor's appointment. Petitioner also testified that he did not return to West Virginia until approximately one month after the crime was committed. Petitioner's sister corroborated his testimony.[2] However, an eyewitness testified that he observed petitioner and his co-defendants at the scene of the crime;[3] that petitioner fled the scene of the crime in his pickup truck with one co-defendant; and that shortly after they fled the scene of the crime, petitioner drove his co-defendants back to the scene in his pickup truck to finish cutting the public telephone wire.

We have previously stated that "'[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.' Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967)." Syl. Pt. 2, *State v. Martin*, 224 W.Va. 577, 687 S.E.2d 360 (2009). Based upon this language, it is clear that the jury was free to

---

[2]Petitioner's sister is also first cousins with petitioner's co-defendants.

[3]The witness testified that one of petitioner's co-defendants cut the telephone wire.

afford more weight to the testimony of the eyewitness than petitioner and his sister. While petitioner argues that he was not in the State of West Virginia, the jury was free to disagree. As such, it is clear that the State met its burden of proof and the evidence was sufficient to support petitioner's felony conviction for conspiracy to commit damage to a public utility property

For the foregoing reasons, the circuit court's November 22, 2013, order denying petitioner's motion for judgment of acquittal or new trial is hereby affirmed.

Affirmed.

**ISSUED**: January 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II